Lynn MARTIN, Secretary of U.S. Department of Labor, Robert C. Spinner, Plaintiffs–Appellees,

v.

YELLOW FREIGHT SYSTEM, INC., Defendant–Appellant.

No. 586, Docket 92–6168.

United States Court of Appeals, Second Circuit.

Argued Nov. 16, 1992.

Decided Jan. 25, 1993.

Anthony J. McMahon, Washington, DC (Galland, Kharasch, Morse & Garfinkle, P.C.; Jeffrey I. Pasek, Cohen, Shapiro, Polisher, Shiekman and Cohen, Philadelphia, PA, of counsel), for defendant-appellant.

Edward D. Sieger, Washington, DC (Marshall J. Breger, Allen H. Feldman, Steven J. Mandel, U.S. Dept. of Labor, of counsel), Ronald G. Dunn, Albany, NY (Karen L. Kimball, Gleason, Dunn, Walsh & O'Shea, of counsel), for plaintiffs-appellees.

Before: PRATT, ALTIMARI, Circuit Judges, and GERALD W. HEANEY, Senior Circuit Judge of the Court of Appeals for the Eighth Circuit, sitting by designation.

HEANEY, Senior Circuit Judge:

Yellow Freight System, Inc. ("Yellow") discharged employee truck driver Robert Spinner on 3 October 1989. Spinner filed a complaint with the Department of Labor alleging his discharge violated sections 405(a) and (b) of the Surface Transportation Assistance Act of 1982 ("STAA"), 49 U.S.C.App. § 2305(a), (b) (1988). After administrative proceedings authorized by the STAA, an administrative law judge ("ALJ") found violations of sections 405(a) and (b) of the STAA, and ordered Yellow to reinstate Spinner. Yellow declined to comply with the ALJ's order. The Secretary of Labor brought this action to enforce that order pursuant to the authority of 49 U.S.C.App. § 2305(e) (1988). The district court granted summary judgment for the Secretary of Labor, enforcing the order of the ALJ.[1] Yellow appeals from the district court judgment. We affirm.

I

■ As a threshold matter, we conclude that the Secretary of Labor's issuance of her final order—again ordering Spinner's reinstatement—does not render this case moot. We acknowledge that the Secretary's order takes precedence over all previous orders and rulings, including the order of the ALJ. Nonetheless, this is precisely the type of case that satisfies the "capable of repetition, yet evading review" exception to the actual case-and-controversy requirement. See Brock v. Roadway Express, Inc., 481 U.S. 252, 257–58, 107 S.Ct. 1740, 1745, 95 L.Ed.2d 239 (1987).

Because the statute requires the Secretary to issue her final order within one hundred twenty days of the decision of the ALJ, there is not sufficient time to litigate fully a challenge to the ALJ's order before it is superseded. Yet it can reasonably be expected that Yellow, one of the nation's largest trucking companies, will again be subject to suits brought by the Secretary to enforce reinstatement orders of an ALJ under the authority of the STAA. See Id.

---

1. The district court opinion, in which the facts of this case are more fully set forth, is reported at Martin v. Yellow Freight System, Inc., 793 F.Supp. 461 (S.D.N.Y.1992).

We therefore turn to the merits of the instant appeal.

## II

■ Yellow argues that the statute does not provide for the enforcement of decisions and orders of the ALJ. In pertinent part, the statute states that, "[w]henever a person has failed to comply with an order issued under subsection (c)(2) of this section, the Secretary of Labor shall file a civil action ... to enforce such order." 49 U.S.C.App. § 2305(e) (1988). Subsection (c)(2), however, only refers to "preliminary orders" or "final orders" issued by the Secretary.[2] The statute makes no reference to orders of an ALJ.

The regulations, however, provide for immediate implementation of an ALJ order of reinstatement: "The administrative law judge's decision and order concerning whether the reinstatement of a discharged employee is appropriate shall be effective immediately upon receipt of the decision by the named person." 29 C.F.R. § 1978.-109(b) (1988).

Yellow argues that, because not specifically provided for in the statute, there is no authority to enforce orders of an ALJ based on a finding of a violation of the STAA, and department regulations to the contrary are invalid. We do not agree. As the district court noted,

[a]n order issued by an ALJ ... is ... contemplated by the statute where it provides for hearings of objections to preliminary orders.... Moreover, we do not feel that it is unreasonable or unanticipated that an ALJ, vested with the

authority of the Secretary of Labor, would issue an order of reinstatement after a full hearing on the merits of the dispute in light of the Secretary's ability to issue a reinstatement order after merely a preliminary investigation.

*Martin v. Yellow Freight System, Inc.,* 793 F.Supp. 461, 469 (S.D.N.Y.1992). The district court also noted—and we agree—that enforcement of an ALJ's reinstatement order is consistent with congressional intent to protect whistle-blowers, and that failure to enforce such an order undermines the goal of the legislation. We affirm that such orders are enforceable.

## III

Yellow presents a series of other arguments, but none convinces us that reversal is warranted. The most significant is its contention that the ALJ had no authority to hear this case in the first place because the administrative process should have terminated when the Assistant Secretary deferred to the outcome of arbitration proceedings. We have addressed and rejected this argument in *Yellow Freight System, Inc. v. Lynn Martin,* 983 F.2d 1195, 1199–1201 (2nd Cir.1993). Yellow's remaining arguments are without merit.

For the reasons stated above, the order of the district court is affirmed.

---

**2.** Subsection (c)(2) reads as follows:

Within sixty days of receipt of a complaint filed under paragraph (1) of this subsection, the Secretary of Labor shall conduct an investigation and determine whether there is reasonable cause to believe that the complaint has merit and notify the complainant and the person alleged to have committed a violation of this section of his findings. Where the Secretary of Labor has concluded that there is reasonable cause to believe that a violation has occurred, he shall accompany his findings with a preliminary order providing the relief prescribed.... Thereafter, either the person alleged to have committed the violation or the complainant may, within thirty days, file ob-

jections to the findings or preliminary order, or both, and request a hearing on the record, except that the filing of such objections shall not operate to stay any reinstatement remedy contained in the preliminary order.... Upon the conclusion of such hearing, the Secretary of Labor shall issue a final order within one hundred and twenty days.

49 U.S.C.App. § 2305(c)(2)(A) (1988). The language of the regulation is similar: "Whenever any person has failed to comply with a preliminary order of reinstatement or a final order or the terms of a settlement agreement, the Secretary may file a civil action seeking enforcement...." 29 C.F.R. § 1978.113 (1988).